Reese, J.
delivered the opinion of the court.
This is an action brought upon the bond of a constable against his sureties for his having failed to pay over money collected by him as a constable upon claims put into his hands, but without legal process. Two grounds of defence have been relied on:
1. That the bond when signed by the sureties was in blank as to some material particulars. This question is raised by the pleadings.
2. That the terms and stipulations of the bond do not embrace the delinquency for which the suit is brought.
Upon the issue made up between the parties, proof was heard, on both sides at the trial, and the question of fact submitted to a jury under a charge of the court, the legal correctness of which has not been here questioned. The verdict was against the sureties, which the court refused to set aside, and upon well settled principles, we cannot disturb this judgment. The bond itself, and the record of the court, and the legal presumptions in favor of the regularity of the proceedings of public officers, on the one *410 side, and the witnesses on the other were before the jury, and we cannot say, in such a case as this, that there was no testimony upon which to rest the verdict. As to the other point, that the stipulations in the bond, that the constable would “in all things belonging to his office, well and truly demean himself during his continuance therein,” cannot be held to embrace his delinquency in this case assigned as a breach of the bond, we think the law is with the plaintiffs below.
The acts of 1817 and 1824, declare the liability of the constable and his sureties for a failure to pay over money collected without process, and give the summary remedy by motion against them. This cumulative duty and liability we think embraced in the general terms of the bond. These general terms in all bonds, are peculiarly proper with a view to embrace the new and varying duties, which the law may impose, to embrace which, specific stipulations 'in the bonds of the public officer cannot be readily adopted. It would be useless to insist, that a public officer is not well and truly demeaning himself in relation to his office, when he withholds money collected by him virtute officii from the treasurer and appropriates it to his own use. Again, it is hardly necessary seriously to answer, that although the statutes declare the official duty and liability of the officer, still the remedy given against him and his sureties is a summary one by motion, and not by action — for if liable to a motion, a fortiori, they are hable to an action for the default in question. As to the case of Matlock, sheriff of Overton county, this court has heretofore in other cases been called on to look into it and to question some of its positions.
But it is sufficient to say here, that was a motion, and what was said by a majority of the court, upon the supposition of an action having been brought upon the bond was necessarily oliter, and cannot be regarded as a binding authority in this case. We affirm the judgment.